IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARA PATRICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| MICHAEL CHERTOFF, SECRETARY, | § | 3-01-CV-0152-P |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant Michael Chertoff's ("Defendant") Suggestion of Lack of Subject Matter Jurisdiction and Motion to Dismiss ("Motion to Dismiss"), filed July 8, 2005. Plaintiff Clara Patrick ("Plaintiff") filed a Response on July 16, 2005, and Defendant filed a Reply on July 20, 2005. After considering the parties' arguments and briefing, and the applicable law, the Court GRANTS Defendant's Motion to Dismiss.

**I.    Background and Procedural History**

"On January 22, 2001, Plaintiff filed her original complaint alleging employment discrimination based on age under the Age Discrimination Employment Act [("ADEA")] when she was not selected for promotion in 1999." Mot. to Dismiss at 2. On November 21, 2001, Defendant filed its first motion for summary judgment. Before deciding that claim, on March 21, 2002, the Court "permitted Plaintiff to amend her complaint to include an additional claim of discriminatory non-selection based on age and an additional claim for retaliation based on age."

Mot. to Dismiss at 2. Both of these additions were based on 2001 events. On June 11, 2002, the Court Granted the first motion for summary judgment only as to the promotion in 1999.

On August 18, 2003, Defendant filed its second motion for summary judgment "as to each of [P]laintiff's remaining claims." Mot. to Dismiss at 3. Thereafter, on January 6, 2004, the Court granted the second motion for summary judgment on all remaining claims ("January 6 Order"). Plaintiff appealed that judgment, and on December 15, 2004, the Fifth Circuit reversed the January 6 Order, and remanded the case "for further proceedings consistent with [that] opinion." *Patrick v. Ridge*, 394 F.3d 311, 320 (5th Cir. 2004).

Defendant now alleges that the Court lacks jurisdiction to hear claims of retaliation against the federal government under the ADEA.[1]

## II. Subject Matter Jurisdiction

Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." "The issue [of subject matter jurisdiction] may be raised by parties, or by the court *sua sponte*, at any time." Mot. to Dismiss at 5 (quoting *MCG Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990)). "[A] party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1990). More importantly, the burden of establishing subject matter jurisdiction rests on the plaintiff as the party invoking jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991).

---

[1] Originally, Defendant argued further that "[n]o jury trial is authorized by the federal sector ADEA" in response to Plaintiff's request for a jury trial. Mot. to Dismiss at 14 (citing *Lehman v. Nakshian*, 453 U.S. 156, 162 (1981)). However, Plaintiff conceded Defendant's argument, and "[withdrew] her request for a jury trial for her ADEA claims . . . ." Pl.'s Resp. at 3. As such, the matter will proceed as a bench trial before the Court.

A district court may decide a rule 12(b)(1) motion to dismiss "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The Fifth Circuit distinguishes between a "facial" attack and a "factual" attack upon a complaint under Rule 12(b)(1). *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If a defendant files a 12(b)(1) motion, the attack is presumptively facial and the Court need look only to the sufficiency of the allegations in the complaint, which are presumed to be true. *See id.* If, however, the defendant supports the motion with affidavits, testimony, or other evidentiary materials, then the attack is factual and the burden shifts to the plaintiff to prove subject matter jurisdiction by a preponderance of the evidence by also submitting facts through some evidentiary method. *See id.* Regardless, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. *Home Builders Ass'n of Miss. Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Defendant argues this Court lacks subject matter jurisdiction with regard to retaliation under the ADEA because Congress did not waive sovereign immunity. For the reasons set forth below, the Court agrees with Defendant's contention.

## II.     Sovereign Immunity

"In analyzing whether Congress has waived the immunity of the United States, [the

Court] must construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the language requires." *Library of Congress v. Shaw*, 478 U.S. 319, 318 (1986) (citations omitted) (internal quotations marks omitted); *accord Doe v. United States*, 398 F.3d 686, 690 (5th Cir. 2005). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "A statute's legislative history cannot supply a waiver that does not appear *clearly* in any statutory text; the unequivocal expression of elimination of sovereign immunity that [the Court] insist[s] upon is an expression in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (emphasis added) (internal citations omitted). Finally, "the search for an answer to the question whether the federal government has waived sovereign immunity for retaliation claims under [633a] must begin with the language of that statute itself." *Cyr v. Perry*, 301 F.Supp.2d 527, 532 (E.D. Va. 2004); *cf. Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998) ("It is well settled that the United States may not be sued except to the extent that it has consented to suit by statute.") (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)).

a.   **ADEA Retaliation**

"The ADEA was enacted in 1967 to protect older workers from discrimination based on age. The protection of the Act was originally limited to private sector employees. In 1974, Congress expanded the ADEA to cover the employment decisions of the federal government," as well as the decisions of state and local governments. *Koslow v. Hundt*, 919 F.Supp. 18, 19 (D.D.C. 1995) (citing *Lehman*, 453 U.S. at 157); *see also Forman v. Small*, 271 F.3d 285, 296 (D.C. Cir. 2001) "Unlike state and local governments, which were merely added to the

definition of 'employer' in the ADEA, Congress created an entirely new section of the ADEA in which it waived federal sovereign immunity." *Forman*, 271 F.3d at 296. That section provides that "all personnel actions affecting employees . . . who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age. 29 U.S.C. § 633a(a). Defendant acknowledges that "the statute expressly and unequivocally waives sovereign immunity with respect to age discrimination suits against federal agencies." *Cyr*, 301 F.Supp.2d at 532. However, 633a "does not mention retaliation or reprisal. By contrast, the ADEA provisions relating to private employees and employees of state and local governments expressly provide for age-related retaliation claims."[2] *Koslow*, 919 F.Supp. at 20 (citing 29 U.S.C. § 623(d)). "This strongly suggests that Congress declined to waive sovereign immunity with respect to retaliation claims brought pursuant to § 623(d) of the ADEA."[3] *Yap v. Slater*, 165 F.Supp.2d 1118, 1126-27 (D. Haw. 2001); *see also Koslow*, 919 F.Supp. at 20 ("Section 633a contains a general proscription against age discrimination, but does not mention retaliation or reprisal."); *Tomasello*, 920 F.Supp. at 7 ("While Congress has provided an express waiver of sovereign immunity as it pertains to age discrimination claims, Congress has not provided an express waiver of sovereign immunity with respect to retaliation claims under the ADEA."),

---

[2] The private sector provision directs that "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act." 29 U.S.C. § 623(d).

[3] In 1978, Congress amended the ADEA further to provide that "any personnel action of any department, agency or other entity referred to in [29 U.S.C. § 633a(a)] of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section." 29 U.S.C. § 633a(f). ("Section 631(b) provides that all federal employees who are at least forty years old are considered protected employees under the Act." *Tomasello v. Rubin*, 920 F.Supp. 4, 6 n.5 (D.D.C. 1996), *aff'd on other grounds*, 167 F.3d 612 (D.C. Cir. 1999).)

*aff'd on other grounds*, 167 F.3d 612 (D.C. Cir. 1999).

Contrary to Plaintiff's assertion, there is "specific law" contrary to the previous analysis. *Forman v. Small*, 271 F.2d 285, 296-99 (D.C. Cir. 2001) holds categorically that section 633a allows for retaliation claims against the federal government.[4] Therein, *Forman* focuses on the phrase "*any discrimination based on age.*" *Id.* (quoting 29 U.S.C. § 633a(a)). Relying on that terminology, *Forman* states "Congress used unqualified language that encompasses a claim of retaliation because 'analytically a reprisal for an age discrimination charge is an action in which age bias is a substantial factor.'" *Id.* (quoting *Siegel*, 654 F.2d at 782 n.43 (Robinson, J., concurring in part and dissenting in part)). Plaintiff argues similarly in her Response. *See* Resp. at 2 ("I believe the federal sector ADEA would cover a claim of retaliation based on [Plaintiff's] prior EEO complaints of age discrimination as that would clearly come under 'any discrimination based on age.'"). Nevertheless, the Court finds such analysis erroneous; retaliation and discrimination are neither synonymous, nor inseparable.

---

[4] Moreover, aside from the direct affirmation in *Forman*, a plethora of decisions imply that the ADEA allows for reprisal claims against the federal government. *See Siegel v. Kreps*, 654 F.2d 773, 782 n.43 (D.C. Cir. 1981) (Robinson, J., concurring in part and dissenting in part) ("[I]t seems clear that analytically a reprisal for an age discrimination charge is an action in which age bias is a substantial factor."); *Schmid v. Frosch*, 680 F.2d 248, 248 (D.C. Cir. 1982) (finding summary judgment "improvidently granted" on ADEA retaliation claim); *Kirby v. Dole*, 736 F.2d 661, 662 (11th Cir. 1984) (recognizing that plaintiff-appellant previously settled his ADEA retaliation claim); *Bornholdt v. Brady*, 869 F.2d 57, 62 (2nd Cir. 1989) (highlighting that although "it may be inferred that the breadth of the language of" the ADEA permits federal retaliation claims, the court "need not decide this question here"); *Limongelli v. Postmaster General of the United States*, 707 F.2d 368, 373 (9th Cir. 1983) (refusing to hear ADEA retaliation claim because of failure to exhaust administrative remedies); *Denovellis v. Shalala*, 135 F.3d 58, 65 (1st Cir. 1998) (stating plaintiff-appellant fell short of showing a probability of success on her ADEA retaliation claim); *Lutes v. Goldin*, 62 F.Supp.2d 118, 134 (D.D.C. 1999) (holding that "Plaintiff ha[d] not established a prima facie case of retaliation under . . . the ADEA); *Jones v. Brown*, No. 95 C 121, 1996 WL 11099, at *6 (N.D. Ill. Jan. 4, 1996) (listing the elements of a "prima facie case of retaliation under the ADEA"); *Miller v. United States*, 813 F.2d 402, 1986 WL 16231 at *2 (disagreeing with the lower court that the federal government "is not subject to the antiretaliation section" of the ADEA, but finding it unnecessary to make that decision). It bears repeating that none of the foregoing decisions, aside from *Forman*, establish any precedent; the inference that the ADEA allows federal retaliation suits amounts to little more than dicta. Unfortunately, neither Plaintiff *nor* Defendant even acknowledged such decisions, although Plaintiff seems to utilize the logic of *Forman*.

3:01-CV-0152-P
Order GRANTING Defendant's Motion to Dismiss
Page 6

First, "retaliation is a basis distinct from age discrimination; it entails reprisal for [an] individual's participation in a civil rights proceeding." Mot. to Dismiss at 9. As Judge Posner explained:

> Retaliation and discrimination are separate wrongs. A white person who opposes discrimination against blacks and is fired in retaliation for doing so is not being discriminated against because of his race, just as a railroad worker who is fired for filing a complaint under the Federal Employee Liability Act cannot claim that the retaliation is itself a violation of that Act. Title VII does not treat retaliation as a form of discrimination; it contains a separate provision forbidding retaliation.

*Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312-13 (5th Cir. 1989) (Posner, J., concurring); *see also Cyr*, 301 F.Supp.2d at 534 ("Yet, there are no reasonable grounds to conclude that 'retaliation' is a form of 'discrimination based on age' because, as noted, retaliation is a different claim with different elements and can be established *without* a showing of age animus.") (emphasis added); *Koslow*, 919 F.Supp. at 20 ("A general proscription against discrimination based on age does not unequivocally express Congressional intent to prohibit retaliation, which derives from different biases and discriminatory motives than age itself.").

Moreover, "[a]lthough the federal sector ADEA does not authorize retaliation claims, the Civil Service Reform Act [("CSRA")] expressly provides federal employees a remedy for retaliation that might occur in connection with an age discrimination case." Mot. to Dismiss at 9. In relevant part, it states that "[a]ny employee who has authority to take . . . or approve any personnel action, shall not . . . take or fail to take . . . any personnel action against any employee . . . because of the exercise of any appeal, complaint, or grievance right granted by *any* law, rule, or regulation . . . ." 5 U.S.C. § 2302(b)(9) (emphasis added). Therefore, "[w]hile it may seem anomalous to protect private and not federal employees from retaliation under the ADEA,"

*Koslow*, 919 F.Supp. at 21, other federal law provides an avenue for aggrieved plaintiffs. *See Bornholdt*, 869 F.2d at 62 ("[Plaintiff's] allegation that he was fired by IRS as reprisal for filing his age-discrimination charge . . . plainly states a claim under § 2302(b)(9)."). Hence, contrary to *Forman*'s assertion that "a federal employer could fire or take other action that was adverse to any employee" to promulgate further age discrimination, *see Forman*, 271 F.3d at 297, the CSRA prohibits such actions.

In sum, "[b]ecause the ADEA's statutory language does not even mention or address retaliation, let alone expressly and unequivocally waive sovereign immunity with regard to retaliation claims, it is not proper to conclude that the government has waived sovereign immunity in this respect." *Cyr*, 301 F.Supp.2d at 534 (citing *Lane*, 518 U.S. at 197; *Research Triangle Ins. v. Bd. of Governors of the Federal Reserve Sys.*, 132 F.3d at 985, 987 (4th Cir. 1997)). Nor is it proper or logical to infer such waiver from the language of the statute. Discrimination and retaliation are separate claims, and must be treated accordingly. "[T]he unequivocal expression of elimination of sovereign immunity that [the Court] insist[s] upon is an expression in statutory text." *Lane*, 518 U.S. at 192. That situation does not exist here.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

**It is so ordered.**

Signed this 27th day of July, 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE